# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAIL BOXES ETC., INC., <br><br> Plaintiff, <br> vs. <br><br> JEDOJE, INC. and JOSE ESCUDERO, individually, <br><br> Defendant. | CASE NO. 10cv0428 DMS (RBB) <br><br> **ORDER (1) FIXING AMOUNT OF ATTORNEYS FEES AND COSTS AND (2) FINDING DEFENDANTS IN CONTEMPT AND AWARDING SANCTIONS** <br><br> [Docket No. 29] |

This case comes before the Court on Plaintiff's request to fix the amount of Plaintiff's attorneys fees and costs on the judgment, and for a contempt finding against Defendants. On the judgment, Plaintiff requests $49,848 in fees and $3,380.29 in costs. On the issue of contempt, Plaintiff asserts that a contempt finding is warranted in light of Defendants' failure to comply with the Permanent Injunction issued on May 20, 2010. Plaintiff seeks coercive sanctions of $1,000 per day for each day that Defendants remain in violation of the Injunction, and compensatory sanctions of $70 per day for each day that Defendants remain in violation of the Injunction and attorneys fees and costs incurred in bringing the motion for contempt.

## I.
## BACKGROUND

On February 24, 2010, Plaintiff filed the present case against Defendants Jedoje, Inc. and Jose Escudero alleging claims for breach of a license agreement, breach of a settlement agreement and

specific performance. Plaintiff filed a First Amended Complaint on March 8, 2010, realleging the claims in the original Complaint and alleging new claims for trademark infringement, federal unfair competition and common law misappropriation.

Two days after filing the First Amended Complaint, Plaintiff filed an *ex parte* motion for a temporary restraining order. After reviewing that motion, and failing to receive a response from Defendants, on March 15, 2010, the Court granted the motion and issued a temporary restraining order and order to show cause re: preliminary injunction. That order set a hearing date for the preliminary injunction, and ordered Defendants to file a response no later than five court days before that hearing. After failing to receive a response from Defendants, the Court issued a preliminary injunction on March 26, 2010.

On April 6, 2010, Plaintiff requested entry of default against Defendants for their failure to respond to the First Amended Complaint. Defaults were entered that day. Plaintiff thereafter moved for entry of default judgment. Again, Defendants failed to respond. Thus, on May 20, 2010, the Court entered default judgment and a permanent injunction against Defendants.

## II.

## APPLICATION TO FIX AMOUNT OF ATTORNEYS FEES AND COSTS

In the default judgment and permanent injunction, the Court invited Plaintiff's counsel to submit a further petition for attorneys fees and costs, which counsel has done. In that petition, counsel request $49,848.29 in attorneys fees and $3,380.29 in costs. The Court has reviewed the records submitted in support of these amounts, and finds the requested amounts are reasonable and appropriate. Accordingly, the Court awards Plaintiff $49,848.29 in attorneys fees and $3,380.29 in costs.

## III.

## CONTEMPT AND SANCTIONS

"To hold a party in contempt, a court must find by clear and convincing evidence that the party violated a specific and definite order and that it had sufficient notice of its terms and the fact that it would be sanctioned if it did not comply." *Verizon California Inc. v. OnlineNIC, Inc.*, 647 F.Supp.2d 1110, 1115 (N.D. Cal. 2009).

1    Here, Plaintiff asserts that Defendants are in contempt of that portion of the injunction that
2    restrained Defendants from the following conduct:

> for a period of six (6) months from the entry of the injunction, being associated either directly or indirectly, by virtue of being an employee, proprietor, partner, stockholder, agent, principal, owner, part-owner, co-venturer, officer, director, manager, operator, financier, salesman, or other participant or through family relationships, with a competing business within what was formerly the protected franchise territory. A competing business shall be one that is generally engaged in and offers postal, communication and business services and products and related services and products.

(Docket No. 27 at 2.)  Plaintiff also asserts Defendants have failed to comply with reporting requirement of the injunction, which required Defendants to "file with the Court, and serve upon Plaintiffs' counsel, within thirty (30) days after entry of judgment, a report signed by all Defendants under oath, setting forth in detail the manner and form in which Defendants have complied with the judgment of the Court[.]"  (*Id.*)

Plaintiff has shown by clear and convincing evidence that Defendants have failed to comply with the reporting requirement.  Plaintiff's counsel declares that he is "not aware of any contact or communication by Defendants or their counsel following entry of the permanent injunction."  (Decl. of Timothy S. Blackford in Supp. of Ex Parte Application ¶ 7.)  Furthermore, the Court has not received any communication from Defendants about the status of their compliance with the injunction.  Plaintiff has shown that it served a copy of the injunction on Defendants' counsel, and also served Defendants' counsel with a copy of the order to show cause why Defendants should not be found in contempt.  Therefore, Plaintiff is entitled to a finding of contempt for Defendants' failure to comply with the injunction's reporting requirement.

Plaintiff is not entitled to a contempt finding, however, on the non-compete portion of the injunction.  Although the evidence presently before the Court reflects the presence of a FedEx business center in the same location as Defendants' former business, Plaintiff has failed to provide the Court with any evidence that Defendants are operating that FedEx business.  Absent such evidence, Plaintiff has not met its burden of proving by clear and convincing evidence that Defendants are in contempt of the non-compete portion of the injunction.

The only issue thus remaining is the sanction to be imposed.  Plaintiff seeks compensatory sanctions in the amount of $70 per day and an award of attorneys fees and costs incurred in bringing

this contempt proceeding. Plaintiff also seeks a coercive sanction of $1,000 per day. The basis for the amount of compensatory sanctions appears to be Defendants' failure to comply with the non-compete portion of the injunction. However, in light of the Court's finding on that issue, the Court declines to award those sanctions. Nevertheless, the Court finds attorneys fees and costs are appropriate, as is a lesser coercive sanction to ensure Defendants' compliance with the reporting requirement. Accordingly, the Court awards Plaintiff attorneys fees and costs in the amount of $6,004, and imposes coercive sanctions of $50 per day.

## IV.

## CONCLUSION AND ORDER

For the reasons set out above, the Court fixes the amount of Plaintiff's attorneys fees and costs as $49,848 and $3,380.29, respectively. The Court also finds Defendants are in contempt of the injunction, and issues attorneys fees and costs in the amount of $6,004, and coercive sanctions in the amount of $50 per day. Plaintiff shall serve this order on Defendants' counsel, and shall also serve a copy on Defendant Escudero, personally. The coercive sanctions shall take effect upon receipt of proof of service as directed.

**IT IS SO ORDERED**.

DATED: September 28, 2010

HON. DANA M. SABRAW
United States District Judge